# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

CAROL WILKERSON,

    Plaintiff,

v.

SHERIFF NOEL J. BROWN; and BULLOCH COUNTY SHERIFF'S DEPARTMENT,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-66

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this cause of action pursuant to 42 U.S.C. § 1983 and 5 U.S.C. § 552a contesting certain actions she alleges Defendants undertook. (Doc. 1.) Concurrent with her Complaint, Plaintiff filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) For the reasons which follow, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. For these same reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Plaintiff contends that, on April 29, 2015, at Langston Chapel Middle School in Statesboro, Georgia, the school's principal called her to inform Plaintiff that her niece's father and his mother were at the school to get her niece out of school. (Doc. 1, p. 5.) Plaintiff told the principal not to release her niece to the niece's father, but the principal informed Plaintiff that she had to release Plaintiff's niece if her father could prove his paternity by showing the niece's birth certificate. Plaintiff asserts she told the principal that releasing her niece was against the law pursuant to O.C.G.A. §§ 20-2-280(a) and (d), and the principal called the Sheriff's

Department for assistance. Plaintiff alleges Defendant Noel Brown, the Sheriff, released Plaintiff's niece to her father and his mother without Plaintiff's permission, and school officials did nothing to prevent him from violating O.C.G.A. §§ 20-2-780(a) and (d). (Id.) Plaintiff maintains she was "tazed" by an unknown male with the Bulloch County Sheriff's Department and has pain in her arm as a result. (Id. at p. 6.) Plaintiff also maintains she was forced to sit in jail for five months without bond and was subjected to unspecified instances of cruel and unusual punishment at the hands of Bulloch County Sheriff's Department officers. Plaintiff wishes for Defendant Brown to be arrested and fined in the amount of $500,000. (Id.) Plaintiff sues Defendants in their official capacities only.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of her assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that she is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R.

Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

**I.    Claims Against the Bulloch County Sheriff's Department**

Plaintiff names the Bulloch County Sheriff's Department as a Defendant. However, the Bulloch County Sheriff's Department is not an entity subject to suit under Section 1983. Lovelace v. DeKalb Central Probation, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit).[1]

In addition, Plaintiff does not make any factual allegation against the Bulloch County Sheriff's Department in her Complaint, suggesting that she is attempting to state a respondeat superior claim for the actions of the Department's employees, which is a claim not cognizable under Section 1983. Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 691 (1978). Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.[2] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a

---

[1] Even if Bulloch County Sherriff's Department was a legal entity subject to suit under Section 1983, it would be considered an arm of the State of Georgia. As described below, the Eleventh Amendment immunizes the State from Section 1983 claims. This is yet another reason for dismissal of Plaintiff's claims against the Sheriff's Department.

[2] The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff does not set forth any facts suggesting the Bulloch County Sheriff's Department instituted a policy or custom which resulted in the alleged violations of her constitutional rights or that the Sheriff's Department could have acted in a way to violate her rights. For all of these reasons, the Court should **DISMISS** Plaintiff's claims against the Bulloch County Sheriff's Department.

## II.    Claims Against Defendant Brown

As stated above, Plaintiff sues Defendant Brown in his official capacity as the Sheriff of Bulloch County. (Doc. 1, p. 1.) However, claims against Sheriff Brown in his official capacity are the same as claims against the State of Georgia. Therefore, such claims are barred by the Eleventh Amendment to the United States Constitution.[3]

A suit against a person in his official capacity is actually a suit against the governmental entity the person represents. Kentucky v. Graham, 473 U.S. 159 (1985). Consequently, a lawsuit against a state agency in its official capacity is no different from a suit against a state itself; such a defendant is immune from suit under the Eleventh Amendment. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). In enacting Section 1983, Congress did not intend

---

[3] Plaintiff only sued Brown in his official capacity as an employee of the Bulloch County Sheriff's Department. Plaintiff used a form to file her Complaint, and the form asked whether she was suing Brown in his official or individual capacity, and Plaintiff only checked official capacity. (Doc. 1, p. 3.) Regardless, as explained below, even if Plaintiff had sued Brown in his individual capacity, she fails to plausibly allege a valid claim against him.

5

to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Eleventh Amendment immunity may be asserted not only by state officers and state officials, but by all persons "acting as an 'arm of the State,' which includes agents and instrumentalities of the State." Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (citing Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429–30 (1997)). The determination of whether a defendant is an "arm of the state" must be assessed "in light of the particular function which the Defendant was engaged when taking the actions out of which liability is asserted to arise." Id. "As the Supreme Court has explained in determining whether a sheriff is a state or county policymaker for purposes of a § 1983 action, the question is not whether [the sheriff] acts for [the state] or [the county] in some categorical, all or nothing manner, but rather whether the sheriff is acting for the state in a particular area, or on a particular issue." Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs, 405 F.3d 1298, 1303 (11th Cir. 2005) (alteration in original) (internal quotation marks omitted) (citing McMillian v. Monroe Cty., 520 U.S. 781, 785 (1997)). The law is well-settled that, when a Georgia sheriff and members of the sheriff department act in a law enforcement capacity, they are acting on behalf of the State. See Manders, 338 F.3d at 1308; Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1347 (11th Cir. 2003) ("[T]he sheriff acts on behalf of the State in his function as a law enforcement officer[.]"); see also Townsend v. Coffee Cty., Ga., 854 F. Supp. 2d 1345 (S.D. Ga. 2011). As this Court has recognized,

> Since Manders was decided in 2003, the relevant Georgia law remains essentially unchanged. Indeed, it is now 'insurmountable' that Georgia sheriffs act as arms of the state – not as county officials. . . . In sum, Manders and its progeny dictate that where a sheriff and his deputies are performing their official and authorized duties as state actors–i.e. engaged in general law enforcement functions or making arrests pursuant to state law-they are entitled to Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against them in their official capacities.

Frederick v. Brown, No. CV 113-176, 2015 WL 4756765, at *14 (S.D. Ga. Aug. 10, 2015) (citing Manders, 338 F.3d at 132; Grech, 335 F.3d at 1332–40; Hall v. Fries, No. 7:13-CV-105 HL, 2014 WL 1389063, at *4–5 (M.D. Ga. Apr. 9, 2014); Scott v. Mercier, No. 5:06-CV-33, 2007 WL 2728440 (S.D. Ga. Sept. 14, 2007); Lewis v. Wilcox, No. 3:06-cv-29, 2007 WL 3102189, at *8 (M.D. Ga. Oct. 23, 2007)).

In the case at hand, it is clear from Plaintiff's Complaint that any involvement Defendant Brown had in her claims would be in a law enforcement capacity. Consequently, Defendant Brown is entitled to Eleventh Amendment immunity from a Section 1983 claim for money damages or other retrospective relief brought against him in his official capacity. For these reasons, the Court should **DISMISS** Plaintiff's claims against Defendant Brown.

### III. Plaintiff's Claims Pursuant to 5 U.S.C. § 552a

Plaintiff has brought her Complaint, in part, pursuant to 5 U.S.C. § 552a. (Doc. 1, pp. 4, 8.) Section 552a is part of the Freedom of Information Act, 5 U.S.C. § 500, *et seq.* ("FOIA"), and contains definitions for "Records maintained on individuals". Plaintiff fails to make any allegation that a governmental agency has violated any presumptive rights under the FOIA. Instead, it appears Plaintiff randomly selected a federal statute and used it as a putative basis for her Complaint. Such is a practice Plaintiff has employed in this Court on previous occasions. See, e.g., Wilkerson v. Statesboro Police Dep't, No. CV609-075, 2009 WL 4609603, at *1 (S.D. Ga. Dec. 2, 2009) ("[I]t is clear that Wilkerson is adamant about randomly citing to federal statutes on which to peg jurisdiction to harass others with facially frivolous lawsuits.").[4] Accordingly, the Court should **DISMISS** Plaintiff's Complaint for this reason, as well.

---

[4] Magistrate Judge G.R. Smith has referred to Plaintiff as a "*determined* repeat filer in this Court," and set forth some of the many causes of action Plaintiff has filed in this Court. Wilkerson, 2009 WL 4609603, at *1 (emphasis in original). As examples, Judge Smith cited: Wilkerson v. MaxWay Dep't

7

**IV. Plaintiff's State Law Claims Pursuant to O.C.G.A. § 20-2-780**

Finally, Plaintiff contends that Defendants and the principal at her niece's school violated Section 20-2-780 of the Georgia statutes. Plaintiff's citation to a Georgia statute does not state a claim upon which this Court can grant relief. "Federal courts are courts of limited jurisdiction, and they only possess the power authorized by Congress or the Constitution." Stone v. Bank of New York Mellon, N.A., 609 F. App'x 979, 981 (11th Cir. 2015). This Court only has jurisdiction over claims involving a federal question or claims involving parties who are citizens of different states. See 28 U.S.C. §§ 1331 & 1332. The factual allegations in the Complaint do not invoke any federal law that could give the Court jurisdiction over this action, and Plaintiff does not allege that the parties involved are citizens of different states. Instead, Plaintiff's state law claims should be asserted in state court.[5] Consequently, Plaintiff does not cite any basis for this Court to exercise jurisdiction over this case based on alleged violations of Georgia law, and the Court should **DISMISS** these claims.

---

Store, No. CV609-071, 2009 WL 3481896 at * 2 (S.D. Ga. Oct. 28, 2009) (dismissed as frivolous case alleging that retailer violated the Privacy Act of 1974 by accusing her, via local police, of shoplifting); Wilkerson v. Statesboro Fin. Co., No. CV609-069 (S.D. Ga. filed Sept. 22, 2009) (upset with a car loan, the lender, and its collection agency, plaintiff alleges a violation of the Privacy Act of 1974); Wilkerson v. H & S Lee, Inc., No. CV609-033 (S.D. Ga. dismissed June 16, 2009) (employment discrimination case dismissed without prejudice on administrative non-exhaustion grounds), ECF No. 9; Wilkerson v. EEOC, No. CV606-034 (S.D. Ga. dismissed June 16, 2009) (Freedom of Information Act case against EEOC dismissed without prejudice on administrative non-exhaustion grounds), ECF No. 8; Wilkerson v. Bulloch Cty. Sheriff's Dep't, No. CV605-106 (S.D. Ga. dismissed Apr. 12, 2006) (rejecting under Heck v. Humphrey, 512 U.S. 477 (1994), then inmate-Wilkerson's 42 U.S.C. § 1983-based, "false imprisonment" case because she failed to state a claim), ECF No. 12; and Wilkerson v. Grinnell Corp., No. CV699-133 (S.D. Ga. dismissed Apr. 16, 2005) (summary judgment, merits dismissal of employment discrimination claims, including one for a "sex-based hostile environment"), ECF No. 44; see also, Wilkerson v. Langston Chapel Middle School, 6:16-cv-55 (S.D. Ga. dismissed Aug. 17, 2016) (failure to state a claim on facts partially forming the basis of her Complaint in the instant cause of action), ECF No. 12.

[5] This Court expresses no opinion on the ultimate merits of Plaintiff's claims. However, it does not appear that O.C.G.A. § 20-2-780 gives Plaintiff a private cause of action even under state law.

8

## V. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[6] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the numerous reasons set forth above, the Court should **DISMISS** Plaintiff's Complaint, **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

---

[6] A certificate of appealability is not required in this Section 1983 action.

9

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA